**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3382-15T3

MARJORIE JONES,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and MARKETREACH,
INC.,

    Respondent.

_____

          Submitted June 1, 2017 — Decided  June 21, 2017

          Before Judges Lihotz and O'Connor.

          On appeal from the Board of Review,
          Department of Labor, Docket No. 011,591.

          Marjorie Jones, appellant pro se.

          Christopher S. Porrino, Attorney General,
          attorney for respondent (Melissa Dutton
          Schaffer, Assistant Attorney General, of
          counsel; Tasha M. Bradt, Deputy Attorney
          General, on the brief).

PER CURIAM

    Appellant Marjorie Jones appeals from the final decision of

respondent Board of Review (Board), which affirmed the decision

issued after a telephonic hearing by an Appeal Tribunal. The Tribunal affirmed the decision of a Deputy Director (Deputy) of the Division of Unemployment and Disability Insurance, who denied appellant unemployment compensation benefits. We affirm.

We discern the following from the record. From November 16, 2011 to August 13, 2013, appellant worked as a telephone executive or "lead generator" for MarketReach, Inc. (employer). After finding another position, appellant resigned on July 30, 2013, providing the employer thirty days notice. However, on August 13, 2013, appellant abruptly quit and walked off of the premises. At the time of her resignation, appellant was paid $10.50 per hour, plus commissions. Factoring in her commissions, she earned on average $11 per hour.

When her new position did not commence in October 2013 as anticipated, appellant applied for unemployment benefits. The Deputy denied appellant's application on the ground she failed to disclose her reason for resigning from the job; therefore, the Deputy found appellant did not demonstrate she resigned for good cause attributable to the work, see N.J.S.A. 43:21-5(a). Appellant appealed the Deputy's determination to an Appeal Tribunal. Following a telephone hearing, the Tribunal affirmed the Deputy, but for modifying the date appellant was disqualified from benefits.

2

During the hearing, appellant claimed the employer's records stated she began to work on December 5, 2011, when in fact her position started on November 16, 2011. Appellant believed the employer derived some illegal gain from having the wrong start date included in its records. The Tribunal found no evidence to support her claim the employer engaged in any illegal or unethical conduct, and determined the appellant left her position voluntarily without good cause attributable to the work. See ibid.

The Board affirmed the Appeal Tribunal's decision and an appeal ensued. While that appeal was pending, we granted appellant's motion to supplement the record, and determined to remand the matter to the Board for its reconsideration in light of the supplemental material. On remand, the Board reopened the matter, set aside its prior decision, and remanded the matter to the Appeal Tribunal for a new hearing and decision.

At the second hearing before the Appeal Tribunal, appellant again claimed she was justified in leaving MarketReach, Inc., contending the employer had engaged in illegal or fraudulent conduct. Appellant also stated she resigned because she feared the employer's wrongful acts might implicate her.

In support of her contentions, appellant produced a contract between the employer and Mercer County showing Mercer

3

County agreed to provide "On-The-Job" (OTJ) training benefits to the employer to train appellant. The contract states the training period is thirteen weeks, and that the "OTJ Start Date" is December 5, 2011 and the "OTJ End Date" March 5, 2012."[1] The contract does not state — and the employer does not dispute — appellant commenced her employment with MarketReach, Inc., on November 16, 2011.

Appellant also asserted she was forced to quit two weeks before her planned resignation date of August 30, 2011, because the employer requested she train new employees who were to take over her job duties when she left. She claimed the time required to train others kept her from performing other tasks that may have yielded her a commission. She did not provide evidence of the amount in commissions she would have earned had she not been requested by the employer to train the new employees.

The Appeal Tribunal denied appellant benefits. Citing N.J.S.A. 43:21-5(a), the Tribunal found she voluntarily left her position with MarketReach, Inc., without good cause attributable to the work and, thus, was disqualified from receiving benefits. The Tribunal found appellant's testimony "unclear and

---

[1] In fact, the contract states the "OTJ End Date" is March 5, 2011, but the "11" in "2011" is crossed out and a "12" inserted by hand. This hand-written correction is initialed.

4

unconvincing," and appellant's supplemental evidence did not show the employer engaged in any fraudulent, illegal, or unethical activity. Accordingly, the Tribunal concluded appellant did not have good cause attributable to the work to resign from her position. The Board affirmed the Appeal Tribunal's decision, and this appeal ensued.

On appeal, appellant's principal contention is she was forced to resign because the employer made her "unknowingly complicit by falsifying official government documents for financial gain." She also asserts she was forced to abruptly quit on August 13, 2013 when the employer took away "financial work opportunities."

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "In reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "Unless . . . the agency's

5

action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

After carefully reviewing the record and the parties' briefs, we conclude petitioner's contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following comments.

It is obvious the contract between the employer and Mercer County approving the employer for OTJ training benefits does not state appellant commenced employment on December 5, 2011. The latter date clearly refers to the day the thirteen-week OTJ training period was to commence, not when appellant started employment with MarketReach, Inc. There is no evidence or any reasonable basis to believe the employer engaged in any illegal or unethical conduct, let alone any conduct that implicated appellant in any way. Because its factual findings are supported by sufficient credible evidence, we affirm the Board's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6